# UNITED STATES DISTRICT COURT

<u>NORTHERN</u> District of <u>ILLINOIS</u>

UNITED STATES OF AMERICA
V.
<u>DARIUS MCGEE</u>
     Defendant

**ORDER OF DETENTION PENDING TRIAL**
Case **08 CR 50037-1**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in **21 USC 841(a)(1)**.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X(1) There is a serious risk that the defendant will not appear.
X(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**FILED**
**AUG 12 2008**
**MAGISTRATE JUDGE P. MICHAEL MAHONEY**
**United States District Court**

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence X a preponderance of the evidence that
The court finds that no condition or combination of conditions can assure the presence of the defendant and the safety of the community. The defendant has no assets, he has 2 felony convictions with 2 incarcerations with the IDOC, he has an extensive criminal history, he is currently on parole, he has a history of failures to appear, he has prior parole revocations and he has tested positive on his drug test.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

<u>August 12, 2008</u>                                        /s/ P. Michael Mahoney
   Date                                                                           Signature of Judge
                                                               P. MICHAEL MAHONEY, MAGISTRATE JUDGE
                                                                            Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).